Whitaker, Judge,
delivered the opinion of the court:
Plaintiff, a 56-year old veteran preference eligible, alleging that he was illegally discharged from his position as a substitute clerk in the Post Office Department, sues in this court for the salary which he would have received if he had not been so discharged. The sole question presented by the cross-motions for summary judgment is whether plaintiff’s discharge was in accordance with the applicable Post Office and Civil Service regulations.
The record shows that on October 1, 1955, plaintiff was appointed as a substitute mail clerk in the City Post Office, Washington, D.C.[1] He was originally placed in the incoming mail section and assigned to the city primary distribution scheme, but on October 31,1955, he was reassigned to the outgoing air mail distribution section, in accordance with the needs of the postal service. While so employed, plaintiff was asked to qualify on the Florida-Texas air mail distribution scheme. It is the general practice in the department to have all clerks assigned to particular distribution systems to pass the examination required for qualification for their job, and, accordingly, plaintiff was told to prepare himself for this scheme examination.
He first took the examination on March 29, 1956, and failed it. Subsequently, he was reexamined on April 30, May 31, and July 2, and on each occasion he received a grade well below the score required for qualification.
On July 9, 1956, a letter of charges was sent to plaintiff which gave him 30 days’ advance notice of proposed action *638 to separate Mm from Ms position, or to take other disciplinary action. The single charge was plaintiff’s failure to pass the examination for the Florida-Texas air mail distribution scheme. The plaintiff answered the charge on August 9 by stating that certain personal problems had interfered with his studying. After consideration, the Post Office Department decided to suspend plaintiff for 30 days as a disciplinary measure, and, at the end of that time, to give him a final opportunity to pass the examination. TMs was done by letter dated August 20, 1956, and the suspension was effective on August 25.
At the end of Ms suspension, plaintiff did not make use of his opportunity to retake the examination, but, instead, filed an appeal with the Appeals Examining Office of the Civil Service Commission. While this appeal was pending, the Post Office Department granted plaintiff one final opportunity to take the scheme examination. At plaintiff’s request, the Civil Service Commission suspended its proceedings, and plaintiff on October 19, 1956, was reexamined on the Florida-Texas air mail distribution scheme, and again failed the examination with a score of only 69 percent.
Thereafter, the Civil Service Commission went forward with its consideration of plaintiff’s appeal. On December 11, 1956, the Civil Service Appeals Examining Office advised plaintiff that his removal was sustained. Plaintiff appealed further to the Board of Appeals and Beview, which, after consideration, denied review, thereby affirming the agency action.
In this court, plaintiff argues that his discharge was illegal because the Post Office Department failed to follow its own regulations. Plaintiff first points to section 833.143(b) of the Postal Manual. That section reads, in part, as follows:
Clerks past 55 years of age, or who have been in the service for 25 years, are exempt from examinations. This rule does not apply to clerks who have transferred from other positions in the service and have not completed basic schemes required in the clerical position to which transferred. * * *
Plaintiff argues that since he was over 55 years old, he was exempt from all examination. It is obvious, however, from *639 the second sentence of the quoted subsection that this exemption does not apply to clerks transferred from one position to another. As previously pointed out, plaintiff was transferred from the city delivery distribution section to the outgoing air mail distribution section. The Florida-Texas distribution scheme was one of the basic schemes required for the successful performance of the position to which plaintiff was transferred. It is plain, therefore, that this regulation in no way exempts plaintiff from taking the examination, regardless of his age. This is true even though plaintiff was never actually employed on the Florida-Texas distribution scheme. During the period of his service in the air mail section plaintiff distributed outgoing special delivery air mail and bundled and tied air mail distributed by other clerks. He, of course, would not be assigned to a distribution scheme until he demonstrated his competence by passing the examination.
Plaintiff also says that the Post Office Department violated section 333.142(c) of the Postal Manual. That subsection reads as follows:
At city delivery offices, all substitute clerks shall be assigned to and must qualify on the city primary schemes.
Under plaintiff’s interpretation of this regulation the Department must always assign all substitute clerks to the city primary schemes. He says its failure to do so in this case was erroneous and, therefore, the discharge was illegal. We do not so read this regulation. In the Washington Post Office there are two basic divisions, one which deals with incoming mail, and the other which handles the outgoing mail. Had plaintiff been assigned to the city delivery section, then, of course, he would of necessity have needed to qualify on the city distribution scheme in order to efficiently perform his duties. Plaintiff, however, was assigned to the outgoing air mail section. This was where the department had determined he was needed. Here, it was necessary for him to qualify on schemes involving outgoing air mail, and it would have been senseless for him to qualify on the city primary distribution scheme. The regulation must be viewed in its proper context. It applies only to clerks assigned to “city delivery offices.” This term, we believe, is limited to *640 clerks who are concerned with the distribution of incoming mail within the city. It is clear that the outgoing air mail section would not qualify as such an office; therefore, this regulation has no bearing on the instant case.
Plaintiff also alleges that the Appeals Examining Office of the Civil Service Commission violated its regulations when it solicited a post-hearing statement from one James Sullivan, the Post Office Department’s Eegional Personnel Manager. The statement covered the Department’s official interpretation of the postal regulations. The statement was a representation as to law, rather than fact, and as such we do not think it is covered by section 22.401(c) of the Civil Service Commission’s regulations. That section provides that all relevant representations should be discussed with both parties and should be available for review by them. We believe that this regulation is only designed to prevent representations of fact from going unchallenged. The Civil Service Commission, regardless of the representations of the agency officials, must still interpret the legal effect of the agency regulations, and its interpretation is fully subject to review by the courts.
It results that defendant’s motion for summary judgment is granted, and plaintiff’s similar motion is denied. Plaintiff’s petition will be dismissed.
It is so ordered.
Dureee, Judge; Laramore, Judge; and JoNes, Chief Judge, concur.
MaddeN, Judge, took no part in the consideration and decision of this case.

 Since December 29, 1954, plaintiff had served as a temporary substitute clerk at the Washington, D.C., Post Office. Previously he was employed at the Post Office, Chattanooga, Tennessee, from December 9, 1936, to April 24, 1948.